IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JASON VOLLMECKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-644 |
| | ) | |
| v. | ) | |
| | ) | |
| THE SCHOOL DISTRICT OF THE CITY OF | ) | |
| INDEPENDENCE DISTRICT NO. 30 (a/k/a | ) | |
| INDEPENDENCE SCHOOL DISTRICT), | ) | |
| BOARD OF EDUCATION OF INDEPENDENCE | ) | **ORAL ARGUMENT** |
| SCHOOL DISTRICT, and | ) | **REQUESTED** |
| DALE HERL, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to FED. R. CIV. P. 65(a) and for the reasons set forth in the accompanying Suggestions in Support, Plaintiff Jason Vollmecke seeks a preliminary injunction to enjoin Defendants School District of the City of Independence District No. 30 (a/k/a Independence School District), the Board of Education of Independence School District, Superintendent Dale Herl, and their agents, servants, employees, and attorneys from enforcing the current ban of Dr. Vollmecke from Independence School District property and restoring his access to all Independence School District property that is held open to the general public.

Dr. Vollmecke has been completely banned from all School District property and events based on peaceful conduct—his attempt to speak to the Board of Education and members of the public after a Board meeting had adjourned. He is now prohibited from entering school property that is required by law to be open to the public, including meetings of the Board of Education and even school sporting events.

The ban of Dr. Vollmecke from school property violates his constitutional rights to freedom of speech and due process. A preliminary injunction is necessary to restore his constitutional rights while this case proceeds. As many similar cases demonstrate, Dr. Vollmecke has a fair chance of prevailing on all three claims of his complaint. First, open meetings of the Board of Education and School District events that are open to the general public, like sporting events, are at least limited public forums. The categorical ban of Dr. Vollmecke from school property for entire year is not reasonable in light of the purposes of these forums. Second, the ban is an unlawful prior restraint on Dr. Vollmecke's speech that gives Superintendent Herl complete, unfettered discretion whether to allow Dr. Vollmecke to speak again at Board meetings. Third, the ban was imposed in retaliation for Dr. Vollmecke's criticisms of Defendants. For each of these reasons, the ban violates the First Amendment. Finally, the ban violates the Due Process Clause of the Fourteenth Amendment because Dr. Vollmecke was deprived of his First Amendment rights without notice and without any opportunity to contest the ban.

Plaintiff Jason Vollmecke respectfully requests that the Court enter a preliminary injunction enjoining Defendants from enforcing their ban and restoring Dr. Vollmecke's access to all Independence School District property that is held open to the general public. Plaintiff requests oral argument.

DATED: September 15, 2023

Respectfully Submitted,

/s/ Benjamin J. Wilson
Lisa S. Hoppenjans, #63890 (MO)
Benjamin J. Wilson, #63329 (MO)
First Amendment Clinic
Washington University in St. Louis
  School of Law
One Brookings Drive
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing document is being served on Defendants School District of the City of Independence District No. 30 (a/k/a Independence School District), the Board of Education of Independence School District, Superintendent Dale Herl by hand delivery at the following address:

Dr. Dale Herl, Superintendent
Independence School District
201 North Forest Avenue
Independence, Missouri 64050

                                                /s/  Benjamin J. Wilson