# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JASON VOLLMECKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-00644 |
| ) | |
| v. ) | |
| ) | |
| THE SCHOOL DISTRICT OF THE CITY OF ) | |
| INDEPENDENCE DISTRICT NO. 30 (a/k/a ) | |
| INDEPENDENCE SCHOOL DISTRICT), ) | |
| BOARD OF EDUCATION OF INDEPENDENCE ) | |
| SCHOOL DISTRICT, and ) | |
| DALE HERL, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JASON VOLLMECKE

I, Jason Vollmecke, declare as follows:

1. I am the plaintiff in the above-entitled action. I am over eighteen years of age and legally competent to make this declaration.

2. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to these facts if called as a witness.

3. I attended the Independence School District's Board of Education meeting on January 11, 2022.

4. Prior to the meeting, in my role at the time as Chair of the School District's Biomedical Sciences Advisory Committee, I discussed potential changes to the STEM Academy curriculum, specifically the medical terminology course, with the Committee and the School District's science teachers.

5. The Committee had recommended against the change to move the medical terminology course online through the School District's career and technical education coordinator.

6. The committee had not received a response to its recommendation before the January 11, 2022 meeting.

7. During Dr. Randy Maglinger's presentation on the proposed STEM Academy curriculum changes at the meeting, he said the school intended to move the medical terminology course online.

8. I raised my hand to ask why they were moving the medical terminology course online, but I was not recognized to speak. Dr. Maglinger continued with his presentation without interruption.

9. After Dr. Maglinger finished his presentation, I asked whether the School District would keep in-person support for the class, noting that the proposed curriculum changes were in direct opposition to the recommendation of the Biomedical Sciences Advisory Committee, because it is exceptionally difficult to teach medical terminology to students online.

10. Dr. Herl responded to me, stating it was not appropriate to speak at the time.

11. I responded to Dr. Herl that he was silencing the Chair of the Biomedical Sciences Advisory Committee.

12. The Board proceeded to vote in favor of the proposed curriculum change without further delay.

13. The interaction between myself and Dr. Herl lasted approximately ten seconds. I did not speak or attempt to speak again during the meeting.

14. I was not warned that this interaction was in violation of any School District policy or could serve as the basis of a ban from School District property.

15. I was invited to join the PTA and attend a PTA meeting on April 12, 2022, by one of the board members of the PTA.

16. I attended the PTA meeting, in part, because Dr. Herl was scheduled to speak, and I wanted to hear what Dr. Herl had to say.

17. After Dr. Herl spoke, he approached me and asked me to come with him outside to talk. I accepted his invitation and we went into a cafeteria nearby to talk.

18. Dr. Herl started our discussion by asking, "What in the hell did I do to piss you off so much?"

19. I told him I was dissatisfied with the culture of retaliation and hostile work environment at the School District.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2023.

_____
Jason Vollmecke